**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Anthony LIVINGSTON, Defendant—
Appellant.**

No. 03–16608.

D.C. No. CV–01–03666–SBA,
CR–98–40030–SBA.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

George L. Bevan, Jr., AUSA, Oakland, CA, for Plaintiff–Appellee.

Anthony Livingston, Adelanto, CA, pro se.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Federal prisoner Anthony Livingston appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction for possession of cocaine base for distribution, carrying a firearm in relation to a drug trafficking crime and possession of a firearm after a felony conviction. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Livingston contends that his trial counsel rendered ineffective assistance by failing to request a jury instruction on the lesser-included offense of simple possession of cocaine base. This claim fails for lack of prejudice, because, as the district court determined, failure to request such a jury instruction would have been irreconcilable with his argument at trial that the drugs had been planted. *See Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Livingston further contends that counsel rendered ineffective assistance by allowing the jury to hear of his parole status. This claim fails for lack of deficiency, because the record reveals that Livingston deliberately used his parole status as part of his defense.

Livingston also contends that his trial counsel was ineffective in having him testify and deliberately volunteering information about his prior drug conviction on direct examination. This contention likewise fails for lack of deficiency. Livingston and his counsel considered the potential negative impact of having the prior conviction come out, versus the benefit of having him testify, and made an informed tactical decision. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

The government's September 2, 2004 motion to strike portions of the reply brief, as well as Livingston's October 26, 2004 motion to strike the government's motion to strike, are DENIED as moot.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.